JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYAL SCHNEID, | NO. CV 13-4263 FMO (JCx) |
|     Plaintiff, | |
|     v. | **ORDER REMANDING ACTION** |
| AMDOCS, INC., et al., | |
|     Defendants. | |

On June 13, 2013, defendants Amdocs, Inc. and Amdocs IT Services, LLC (collectively "Amdocs" or "defendants"), having been sued in what appears to be a declaratory relief action in California state court, filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Notice of Removal at 1, 3). On June 20, 2013, plaintiff Eyal Schneid ("Schneid" or "plaintiff") filed an *Ex Parte* Application to Set Hearing, Trial, or Motion for Summary Disposition for Declaratory Relief ("Application"). The court denied Schneid's Application and issued an Order to Show Cause Re: Jurisdiction on July 2, 2013, ("OSC"). On July 19, 2013, the court asked for supplemental briefing relating to the court's subject matter jurisdiction.

Having reviewed the pleadings and briefing in response to the court's OSC, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§

1447(c);[1] <u>Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); <u>Washington v. United Parcel Serv., Inc.</u>, 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or <u>sua</u> <u>sponte</u>).

A removing defendant bears the burden of establishing that removal is proper. <u>See</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. <u>See</u> <u>id.</u> ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the Notice of Removal and the attached state court complaint, (<u>see</u>, <u>generally</u>, Notice of Removal & Exh. A ("Complaint")), make clear that this court has neither federal question nor diversity jurisdiction over the instant matter. In other words, plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. <u>See</u> 28 U.S.C. §§ 1441(a);[2] <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no basis for federal question jurisdiction, as the state court complaint contains

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

only a single cause of action seeking declaratory judgment with respect to an employment agreement between Schneid and Amdocs. (See, generally, Complaint). Plaintiff alleges that the agreement's non-compete provision violates Cal. Bus. & Prof. Code § 16600. (See id. at ¶ 21). Thus, the state court complaint discloses no federal statutory or constitutional question. (See, generally, id.); see also LeFebvre v. Syngenta Biotechnology, Inc., 2008 WL 5245056, *2 (N.D. Cal. 2008) (finding former employer improperly removed employee's declaratory judgment action concerning a non-compete provision in an employment agreement in alleged violation of Cal. Bus. & Prof. Code § 16600 and stating that "[c]ivil actions not premised upon federal questions are removable to federal court only if there is complete diversity of citizenship between the parties").

Second, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] The amount of damages that plaintiff seeks is unclear from the Complaint, since Schneid seeks declaratory relief. (See, generally, Complaint); see also Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001) (stating that "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce"). Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes and citations omitted).

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Here, defendants rely on Schneid's declaratory relief action regarding his employment contract with defendants in order to use Schneid's salary, stock options, bonuses, incentives, and the value of Amdocs' proprietary and confidential information in an attempt to show that the amount in controversy exceeds $75,000. (See Notice of Removal at 5-6; Defendants' Response to Court's July 2, 2013, OSC ("Defendants' OSC Response") at 6-7). Defendants also argue that plaintiff would earn an annual base salary of $210,000 with a bonus opportunity of $180,000 were plaintiff offered and he agreed to accept a position with NetCracker. (See Defendants' OSC Response at 6).[4] However, this is too tenuous. "Where a plaintiff seeks an injunction preventing the enforcement of a non-competition clause, courts usually will look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination to determine the amount in controversy." Luna v. Kemira Specialty, Inc., 575 F.Supp.2d 1166, 1172 (C.D. Cal. 2008) (internal quotation marks and citations omitted); see id. at 1172-73 ("Courts have also examined the revenues generated by an employee and the revenues lost by the employer in determining whether the jurisdictional minimum has been met.") (quoted citation omitted); Mahoney v. Depuy Orthopaedics, Inc., 2007 WL 3341389, *4 (E.D. Cal. 2007) ("If a suit involves the enforcement of a covenant not to compete, courts usually will look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination. Courts have also examined the revenues generated by an employee and the revenues lost by the employer in determining whether the jurisdictional minimum has been met.") (internal quotation marks and citations omitted). Defendants allege but fail to prove by a preponderance of the evidence that "[t]he profits earned by Defendants on business generated by Plaintiff in the year preceding his employment exceeded One Hundred Thousand Dollars ($100,000.00)."[5] (Notice of Removal at 5-6). Defendants' Notice of Removal

---

[4] Defendants do not advance substantively different arguments as to amount in controversy in their opposition papers to plaintiff's motion to remand. (See, generally, Defendants' Response in Opposition to Plaintiff's Supplemental Briefing for His Motion to Remand ("Defendants' Opposition") at 8-11 & n. 5).

[5] Similarly, defendants allege, but make no effort to establish by a preponderance of the evidence, that "[t]he contract and these agreements seek to protect confidential information and

cites to the Declaration of Melissa McFarland ("McFarland Decl.") at ¶ 6, which does not exist. (See Notice of Removal at 5-6 & McFarland Decl.; see also Defendants' OSC Response at 7; Defendants' Opposition at 11). In addition, the McFarland Decl. only makes a conclusory allegation that "[t]he profits earned by Amdocs, Inc on business generated by Plaintiff in the year immediately preceding [h]is resignation was far in excess of $100,000." (McFarland Decl. at ¶ 7).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez, 372 F.3d at 1117 ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted); see also Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."). Therefore, there is no basis for diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (where the district court remanded based on two independent grounds of diversity of citizenship and amount in controversy, the Ninth Circuit concluded that either was sufficient).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

---

trade secrets having a value considerably in excess of one million dollars, and seek to prevent Plaintiff from using confidential trade secrets and proprietary information which Defendants spent significant time, money, and resources developing and protecting, and having a value considerably in excess of one million dollars." (See Notice of Removal at 6).

1       2.  All pending motions **(Document Nos. 16 & 20)** are **denied** as moot.

2       3.  The Clerk shall send a certified copy of this Order to the state court.

3   Dated this 19th day of August, 2013.

                                          /s/
                                    Fernando M. Olguin
                                 United States District Judge